UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARRY W. MANUEL,

                          Plaintiff,

          -against-                                    21-CV-0438 (LLS)

DEBORAH A. CATLIN; DIEDRE                              ORDER TO AMEND
MERRIETT; DIANA NIEVES; ERIC G.
GUTWEIN; DONALD E. VENETTOZZI,

                          Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that certain defendants filed a false misbehavior report

against him while he was incarcerated at Green Haven Correctional Facility ("Green Haven"),

and that he was denied procedural due process at the 2016 disciplinary hearing that followed. By

order dated January 22, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

                              **STANDARD OF REVIEW**

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Barry Manuel alleges the following facts in his complaint. On May 25, 2016,

Plaintiff submitted a Family Reunion Program (FRP) application at Green Haven. He learned on

July 5, 2016, that the FRP application had been approved for his wife but not for their granddaughter.[2] One week later, on July 12, 2016, Plaintiff mailed his appeal to Cheryl Morris, Director of the Ministerial, Family and Volunteer Services of the New York State Department of Corrections and Community Services (DOCCS).

Green Haven Supervising Offender Rehabilitation Coordinator (ORC) Diedra Merriett reported that Plaintiff had submitted "unauthorized documents" to Morris. (ECF 2 at 2.) Lieutenant S. Murphy and Sergeant D. Malark questioned Plaintiff about the documents that he had mailed, and Plaintiff was thereafter placed on cell confinement. Security staff searched Plaintiff's cell, and on July 25, 2016, Plaintiff received a misbehavior report charging him with counterfeiting or forgery in connection with FRP documents submitted to Morris, and with smuggling and possessing contraband. In documents for the disciplinary charges, ORC Merriett "fraudulently" listed Murphy and Malark as employee "witnesses." (*Id.* at 3.)

Diana Nieves was assigned as Plaintiff's hearing assistant, and he asked her to interview the employee witnesses. But Nieves "falsely claim[ed]" that she was only allowed to interview inmate witnesses, not employee witnesses. (*Id.*)

Plaintiff's Tier III disciplinary hearing began on August 1, 2016, and ended October 5, 2016. Hearing Officer Gutwein presided, and he denied Plaintiff's requests to: (1) call Cheryl Morris as a witness; and (2) submit documentary evidence (*e.g.*, FRP spreadsheet, FRP folder, and an email from DOCCS Family Services Coordinator Deborah Caitlin to "Gigliotti"). It was erroneously determined that Plaintiff's FRP application "was not pending when the FRP appeal was submitted." (*Id.*) Gutwein found Plaintiff guilty of counterfeiting and smuggling but not

---

[2] Plaintiff indicates that he filed an FRP application for his granddaughter (ECF 2 at 2), but elsewhere in the complaint, he asks to have his daughter participate in the FRP (ECF 1 at 4).

guilty of possession of contraband. Plaintiff appealed, but on December 19, 2016, Donald Venettozzi, DOCCS Director of Disciplinary and Special Housing Units, affirmed the disciplinary determination.

It not entirely clear what penalties Plaintiff was assessed. Plaintiff alleges that his "cell confinement" began on July 26, 2016, when the disciplinary report was filed, and lasted until October 24, 2016, that is, until 19 days after his Tier III hearing; it therefore appears that his disciplinary confinement was for less than 90 days. Plaintiff was assessed "loss of recreation, packages commissary, phones, [and] special events" for approximately three months, from October 5, 2016, to January 3, 2017. (*Id.* at 4.) He was also prohibited from being considered for FRP visits for six months. On an unspecified date, Plaintiff was transferred from Green Haven to Auburn Correctional Facility, which is much farther for his family to visit; it is unclear, however, whether the transfer was part of Plaintiff's disciplinary penalty.

On an unspecified date, Plaintiff filed an Article 78 proceeding challenging the administrative determination. After he did so, on January 18, 2018, DOCCS reversed the guilty disposition on its own initiative, expunged it from Plaintiff's record, and reimbursed the $5.00 mandatory surcharge. On May 17, 2018, the Appellate Division, Third Department, dismissed the Article 78 proceeding as moot. *Manuel v. Venettozzi*, 161 A.D.3d 1440 (3d Dep't 2018). Plaintiff asserts that his § 1983 claims accrued on May 17, 2018, when his Article 78 proceeding was dismissed. (*Id.* at 4.)

Plaintiff names Green Haven Offender Rehabilitation Coordinators Merriett and Nieves, SHU Director Venettozzi, DOCCS Family Service Coordinator Catlin, and Hearing Officer Gutwein as defendants in this action. Plaintiff seeks damages and injunctive relief, in the form of an order directing that his daughter be allowed to participate in future FRP visits.

**DISCUSSION**

A.   **Timeliness**

Plaintiff's claims, which arise from a misbehavior report in July 2016, and the alleged denial of due process in the October 2016 Tier III hearing, appear to be time-barred. The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).

Although state law governs the limitations period for § 1983 claims, "federal law determines when a federal claim accrues." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (internal quotation marks and citations omitted). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The failure to file an action within the limitations period is an affirmative defense, and a plaintiff therefore is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83.

In addition, New York provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (the death of plaintiff or defendant).

The facts pleaded in the complaint suggest that Plaintiff's claims that Defendant Merriett made a false misbehavior report accrued in July 2016, when the report was made and Plaintiff "kn[ew] or ha[d] reason to know of the injury that is the basis of the claim," *Hogan*, 738 F.3d at 518. It therefore appears that the three-year limitations period for such a § 1983 claim was expired on January 11, 2021, when Plaintiff gave the complaint to prison officials for mailing.

Plaintiff asserts that his claims about the denial of due process at his October 2016 Tier III disciplinary hearing did not accrue until the Appellate Division dismissed his Article 78 provision as moot on January 18, 2018.  But the Second Circuit has held that due process claims

related to disciplinary hearings accrue either at the date of the disciplinary hearing or at the date
the agency decides a prisoner's final administrative appeal. *See Abbas*, 480 F.3d at 641; *Abdullah
v. Goord*, No. 06-CV-0622 (LEK)(DEP), 2008 WL 312746, at *3, n.3 (N.D.N.Y. Feb. 1, 2008)
(rejecting argument that "claim did not accrue until the CORC reversed . . . and issued a ruling
favorable to him [on the ground that] plaintiff was positioned to commence this action upon
issuance of the CORC's . . .  initial decision, albeit unfavorable to him, and his claim thus
accrued, at the latest, on that date"). Moreover, the filing of an Article 78 petition does not toll
the limitations period, and "the discretionary reconsideration and reversal of a disciplinary
decision does not restart the statute of limitations unless a new hearing is ordered and new
evidence is received." *Abbas*, 480 F.3d at 641.

Here, it appears that Plaintiff's disciplinary decision became final on December 19, 2016,
when Defendant Venettozzi, on behalf of the CORC, denied Plaintiff's administrative appeal.
Plaintiff's filing of an Article 78 proceeding does not toll the limitations period. *Abbas*, 480 F.3d
at 641. The fact that CORC later exercised its discretion to reverse and reconsider the
disciplinary decision *sua sponte* does not reset the limitations period in these circumstances
because Plaintiff does not allege facts showing that a new disciplinary hearing was ordered or
new evidence received. Plaintiff's procedural due process claim thus accrued on December 19,
2016, and the three-year limitations period expired before he gave this complaint to prison
officials for mailing on January 11, 2021.

It therefore appears that Plaintiff's § 1983 claims are time-barred. Because Plaintiff
proceeds *pro se*, the Court grants Plaintiff leave to amend his complaint to plead any additional
facts about when his claims accrued and why he is entitled to equitable tolling of the limitations
period.

Moreover, the Court also notes that even if Plaintiff's claims were not time-barred, the complaint has additional deficiencies noted below.

**B.      Procedural Due Process**

"In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

Convicted prisoners have already been deprived of their liberty, and "[a] prisoner's liberty interest is implicated by prison discipline, such as SHU [segregated housing unit] confinement, only if the discipline 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection, and thus require proof of conditions more onerous than usual." *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009); *Kalwasinski v. Morse*, 201 F.3d 103,107-08 (2d Cir. 1999) (discussing factors relevant to deciding if confinement in SHU constitutes an atypical hardship).

Here, it appears that Plaintiff suffered administrative or disciplinary confinement from July 26, 2016, when the disciplinary report was filed, until on or about October 24, 2016. If Plaintiff files an amended complaint, he may therefore wish to plead additional facts showing that his discipline posed an atypical and significant hardship, *Sandin*, 515 U.S. at 484.

**C.      False Misbehavior Report**

"[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). Where a prisoner "was granted a hearing, and was afforded the opportunity to rebut the charges against

him, the defendant's filing of unfounded charges d[oes] not give rise to a *per se* constitutional violation actionable under section 1983." *Freeman v. Rideout*, 808 F.2d 949, 953 (2d Cir. 1986). Allegations of false disciplinary charges therefore generally do not rise to the level of a constitutional claim unless a plaintiff shows something more, such as that the misbehavior report was filed in retaliation for the prisoner exercising his constitutional rights. *See Boddie,* 105 F.3d at 862; *Freeman,* 808 F.2d at 951.

Plaintiff's allegations that the disciplinary charges against him were false and were eventually dismissed on appeal after a disciplinary hearing, without more, fail to state a claim under § 1983 for a violation of his constitutional rights. The Court cautions Plaintiff that if he repleads his § 1983 claim based on the filing of a false disciplinary report, to state a claim he should include facts showing that it was done in retaliation for his exercise of his constitutional rights.

## LEAVE TO AMEND

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-0438 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:   March 1, 2021
         New York, New York

_Louis L. Stanton_
                                                    Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                        State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 2:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 3:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 4:

First Name                    Last Name                      Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

## V.        STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach
additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____