```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| BARRY W. MANUEL,<br><br>                     Plaintiff,<br><br>-against-<br><br>DEBORAH A. CATLIN; DIEDRE MERRIETT; DIANA NIEVES; ERIC G. GUTWEIN,<br><br>                     Defendants. | 21-CV-0438 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

       Plaintiff, who is incarcerated at Sing Sing Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated March 1, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on May 3, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

       The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Barry Manuel makes the following allegations in his amended complaint. On July 5, 2016, Plaintiff was notified that his application for the Family Reunion Program (FRP)

2

was granted as to his wife but denied as to his granddaughter, on the ground that she was not allowed to visit without her parents. (ECF 6 at 4.) Plaintiff appealed.

On July 26, 2016, Lieutenant Murphy and Sergeant Malark questioned Plaintiff at the Disciplinary Office about his appeal. Senior Offender Rehabilitation Coordinator (SORC) Diedre Merriett issued Plaintiff a Tier III misbehavior report on the ground that he had submitted documents with his FRP appeal that he was not authorized to have. Defendant Merriett typed the names of Murphy and Malark in the misbehavior report, though they later testified at Plaintiff's hearing that they did "not witness [or] endorse" the misbehavior report. Plaintiff was charged with smuggling, counterfeiting, and possession of contraband. Plaintiff contends that Defendants Merriett and Deborah Catlin, the DOCCS Family Services Coordinator in Albany, conspired to issue the misbehavior report against him in retaliation for Plaintiff's appealing the denial of his FRP application.

Diana Nieves was appointed to assist Plaintiff at the disciplinary hearing, but she failed to interview witnesses or have Cheryl Morris, Director of Ministerial, Family and Volunteer Services at DOCCS, answer Plaintiff's questionnaire; instead, Nieves falsely claimed that she could not interview DOCCS employees.

The disciplinary hearing began on August 1, 2016, and Eric Gutwein presided. He refused to allow Plaintiff to call Director Morris as a witness, denied Plaintiff's request for evidence (spreadsheets tracking FRP appeals), and was not impartial. On October 5, 2016, Gutwein found Plaintiff guilty of smuggling and forgery (but not possession of contraband) and sentenced him to 90 days' cell confinement, with loss of the right to commissary, packages, recreation, phone calls, and attendance at special events. Plaintiff was also transferred to another facility far from his family, who had previously visited him regularly.

Plaintiff appealed the disciplinary decision, but on December 19, 2016, the decision was upheld. (ECF 2 at 3.) Plaintiff then brought an Article 78 proceeding challenging the administrative determination. On January 18, 2018, the DOCCS Director of Inmate Discipline, D. Venettozzi, acting *sua sponte*, administratively reversed the October 5, 2016 disciplinary decision. (ECF 6 at 29.)[1]

## DISCUSSION

Plaintiff asserts two claims: He contends that he (1) was subjected to a false disciplinary report in retaliation for appealing the partial denial of his FRP application and (2) was denied due process in his disciplinary proceedings.

By order dated March 1, 2021, the Court held that both of Plaintiff's claims accrued in 2016, and the three-year limitations period applicable to § 1983 claims in New York had already expired when he gave his complaint to prison officials for mailing on January 11, 2021. (ECF 5 at 7.) District courts generally grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds, and the Court therefore granted Plaintiff an opportunity to plead facts regarding the timeliness of his complaint or showing that the limitations period should be equitably tolled.

In his amended complaint, Plaintiff asks the Court "to declare January 18, 20[18,] the date of acc[rual]" of his claim for the denial of due process in his disciplinary proceedings. (ECF 6 at 6.) He asks that, in the alternative, the Court "allow [the time for filing] this complaint [to] be extended via continuous violation" based on Director Venettozzi's January 2018 determination to reverse the disciplinary decision. As set forth in the Court's Order to Amend,

---

[1] On May 17, 2018, the Appellate Division, Third Department, dismissed Plaintiff's Article 78 proceeding as moot. *Manuel v. Venettozzi*, 161 A.D.3d 1440 (3d Dep't 2018).

4

however, under federal law, due process claims related to disciplinary hearings accrue either at the date of the disciplinary hearing or at the date the agency decides a prisoner's final administrative appeal. *See Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007). The Second Circuit has explicitly rejected the argument that Plaintiff is making, holding instead that "the discretionary reconsideration and reversal of a disciplinary decision does not restart the statute of limitations unless a new hearing is ordered and new evidence is received." *Id*.

Plaintiff's claims regarding due process violations in his disciplinary proceedings therefore accrued on the hearing date(s), which concluded in October 2016, or when DOCCS made its final decision on Plaintiff's direct appeal on December 19, 2016 – not in 2018, when Director Venettozzi issued a discretionary reconsideration and reversal of the disciplinary decision, without ordering a new hearing or receiving new evidence. Determining when a claim accrues is a legal question and the Court therefore lacks discretion to "declare" a different date of accrual, as Plaintiff requests.

As set forth in the Court's prior order, Plaintiff's claim that a false disciplinary report was filed against him (in retaliation for his appeal) accrued when he "kn[ew] or ha[d] reason to know of the injury that is the basis of the claim," *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013), that is, on or about the date that the report was filed in 2016. Plaintiff makes no sufficient argument that this claim accrued on a later date.

Plaintiff asks that the deadline for filing his complaint "be extended via continuous violation." (ECF 6 at 6.) The continuing violation doctrine generally applies where conduct must be repeated or ongoing before it can be deemed adequately severe or pervasive to constitute a violation; the doctrine applies, for example, to hostile work environment claims, which accrue "only after the plaintiff had been subjected to some threshold amount of workplace abuse."

5

*Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). "The mere fact that the effects . . . are continuing does not make the [violation] itself a continuing one." *Deters v. City of Poughkeepsie*, 150 F. App'x. 10, 12 (2d Cir. 2005). The continuing violation doctrine does not apply to Plaintiff's claim that certain defendants filed a disciplinary report that he considers false or retaliatory and thus cannot extend the limitations period.

Plaintiff has also not alleged any facts showing that the limitations period can be equitably tolled, despite the Court granting him an opportunity to do so. The Court therefore concludes that Plaintiff's claims § 1983 claims are time-barred, and the § 1983 claims are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See, e.g., Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (holding that dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C.

§ 1367(c), to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting.

    SO ORDERED.

Dated:   May 6, 2021
           New York, New York

                                                    */s/ Louis L. Stanton*
                                                      Louis L. Stanton
                                                      U.S.D.J.